IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Curtis Glenn Moorer,<br>*also known as Curtis G. Moorer*,<br><br>               Plaintiff,<br><br>vs.<br><br>Mr. Luthi, *New Carolina Mortgage*,<br>Christopher Edwards,<br><br>               Defendants. | Civil Action No. 6:15-1921-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The *pro se* plaintiff is a resident of Greenville, South Carolina. The "lead" defendant, Mr. Luthi, is the operator of a mortgage company in Greenville, South Carolina. The second defendant, Christopher Edwards, is the plaintiff's former attorney, who represented the plaintiff in a Chapter 13 proceeding in a bankruptcy case in the United States Bankruptcy Court for the District of South Carolina.

        The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil action arises out of the alleged failure by defendant Edwards to include the plaintiff's home in the Chapter 13 petition. The plaintiff alleges that on October 2, 2012, he retained defendant Edwards so he could file for Chapter 13 bankruptcy (doc. 1 at 3). The plaintiff claims that Mr. Edwards did not add the plaintiff's home on Fox Hall Road to the bankruptcy petition and that he was not aware of this fact until he received a letter in February 2013 stating that his home would be sold at auction on March 4, 2013 (*id*. at 3-4). Consequently, the plaintiff asked Mr. Edwards and his paralegal why his home was being sold. They did not answer him. The plaintiff also states that he asked Mr. Edwards to add the home to the Chapter 13 petition, but Mr. Edwards refused (*id*.). The home was sold in March 2013 and

the new owners required the plaintiff to pay rent of $600 per month. The plaintiff claims he had been paying a mortgage of $335 per month. The plaintiff states that he "keep[s] receiving eviction notices from "Carolina/Luthi mortgage" and that Mr. Edwards' had enough time to put the plaintiff's home on the Chapter 13 petition and to send information to "Carolina/Luthi" mortgage stating that the plaintiff had filed a Chapter 13 petition (*id*.). In his prayer for relief, the plaintiff seeks a court order making Moss Associates (Mr. Edwards' law firm) pay for his "home in full," pay for the plaintiff's emotional stress over the past three years, and to take the law firm's "license" because of "black balling" and racial discrimination on the part of "Carolina/Luthi Mortgage" and the law firm (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing

2

*Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

Mr. Luthi and his mortgage company have not acted under color of state law insofar as any possible claims under 42 U.S.C. § 1983 are concerned. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Childress v. First Citizens Bank*, Civil Action No. 2:13-1010-SB, 2013 WL 3229867, at *4 (D.S.C. June 25, 2013). Attorney Christopher Edwards as a private attorney also has not acted under color of state law. *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney does not act under color of state law). Moreover, the filing of a foreclosure action by Mr. Luthi or his mortgage company does not constitute action under color of state law: "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*,

946 F.2d 1178, 1184 (5th Cir. 1991), which is cited in *Anderson v. Posey*, Civil Action No. 2:10-3180-TLW-RSC, 2010 WL 6562897 (D.S.C. Dec. 23, 2010), *adopted by* 2011 WL 1595265 (D.S.C. Apr. 27, 2011).  Hence, this court has no federal question jurisdiction over this case.

State law claims arising under South Carolina law, such as legal malpractice, are cognizable in a diversity action in this federal court. *Cianbro Corp.* v. *Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992) (plaintiff in legal malpractice action must establish by expert testimony specific duty required of the attorney and the breach thereof), *aff'd*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993).[*]  There is no basis for diversity jurisdiction in the above-captioned case because the plaintiff and both defendants are citizens of South Carolina.  28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  Hence, this federal court cannot consider any legal malpractice claims arising under South Carolina law against Mr. Edwards or his law firm.

The plaintiff has attached 85 pages of exhibits to the complaint (doc. 1-1, doc. 1-2, doc. 1-3, and doc. 1-4).  Those exhibits indicate that New Carolina Mortgage initiated a foreclosure action (Case No. 2013-CP-23-6231) against the plaintiff.  The Honorable Charles B. Simmons, Master-in-Equity for Greenville County, on January 23, 2013, issued an order of sale, and on March 21, 2013, issued a Master's Title transferring the title to New Carolina Mortgage  (doc. 1-1 at 1–3).  The plaintiff appealed to the South Carolina Court of Appeals but did not properly perfect the appeal (Appellate Case No. 2013-001323).  On March 11, 2014, the South Carolina Court of Appeals dismissed the appeal (doc. 1-1 at 11).

---

[*]*Cianbro* has been partially superannuated by S.C. Code Ann. 15-36-100, which requires an expert affidavit for any allegation of damages for professional negligence, is applicable to suits against twenty-two types of professionals, including physicians, dentists, and attorneys.  *See Millmine v. Harris*, Civil Action No. 3:10-1595-CMC, 2011 WL 317643, *2 (D.S.C.  Jan. 31, 2011) ("The South Carolina Code sections relating to professional negligence claims are the substantive law of South Carolina.").  S.C. Code Ann. § 15-36-100(G)(2) is the subsection applicable to attorneys.

The plaintiff remained in the home after the foreclosure, but has apparently not paid rent. The exhibits also reflect the filing of a Rule to Vacate (Case No. 2014CV2311000945), an eviction action, in March of 2014 (doc. 1-1 at 5).

This court cannot review or set aside the decision of the South Carolina Court of Appeals or the Master-in-Equity in the foreclosure action against the plaintiff. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine. Although the application of the *Rooker-Feldman* doctrine has been limited, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 716–20 (4th Cir. 2006), appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than 200 years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment).

This court cannot "take" the law license of Mr. Edwards or members of his law firm. *Czura v. Supreme Court of South Carolina as Comm. on Rules of Admission to Practice of Law*, 632 F. Supp. 267, 270 (D.S.C. 1986) (federal district court lacks jurisdiction to review decision in attorney disciplinary proceeding by Supreme Court of South Carolina), *aff'd*, *Czura v. Supreme Court of South Carolina*, 813 F.2d 644, 645–46 (4th Cir. 1987); *cf. Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials or persons not within the executive control of that federal district court).

**The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

When a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case. See 28 U.S.C. § 1915(e)(2)(B), which is cited in *Machado v. Davis*, Civil Action No. 4:11-1758-KDW, 2012 WL 4051123, at *5 n. 6 (D.S.C. Sept. 13, 2012) (consent case). It is, therefore, recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3) be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, I recommend that the district court dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the district court deny the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3). The plaintiff's attention is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

May 7, 2015
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is, hereby, advised that the may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).